HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GARY S. BURNS, an individual,

Plaintiff,

v.

JOSEPH ARSENAULT, JANE DOE ARSENAULT, et al,

Defendants.

Case No. C03-2870 RBL

ORDER

THIS MATTER comes on before the above-entitled Court upon Defendant Joseph Arsenault's Motion to Set Aside Default [Dkt. #150] and an Affidavit of David R. Ebel in Support of Entry of Judgment Against the Miller Defendants [Dkt. #204].

Having considered the entirety of the records and file herein, the Court finds and rules as follows:

<u>Arsenault's Motion to Set Aside Default</u>

On or about April 14, 2005 this Court entered an Order [Dkt. #186] rescheduling the pretrial conference and setting an evidentiary hearing on Arsenault's motion. Shortly thereafter, the Court was notified that the matter had settled as to most defendants, but not as to Mr. Arsenault. The parties also informed the Court that the motion to set aside default by Arsenault should be renoted for a later date presumably to facilitate settlement with Mr. Arsenault. The Court renoted the motion for June 24, 2005. That settlement has not been accomplished.

In this Court's Order of April 14, 2005 [Dkt. #186], the Court indicated as to Arsenault's motion to

ORDER
Page - 1

set aside default, the Court would conduct an evidentiary hearing where both Mr. Arsenault and his brother, Chris Arsenault, would be present.  Therefore, because this matter is still pending, the defendant Joseph Arsenault, shall inform this Court in writing on or before August 3, 2005 whether or not he still persists in his motion and whether or not he and Chris Arsenault will be present at the hearing on this motion at a date to be set by the Court.

Entry of Judgment Against the Miller[1] Defendants

On or about December 15, 2004 plaintiff and the Miller defendants entered into a Confidential Settlement Agreement and Mutual Release which settled the matter between them.  See, Ebel Affidavit, Dkt. #204, Exh. A.  That Settlement Agreement provided that if the Miller defendants did not pay the sum of $564,000.00 on or before March 15, 2005, an event of default will have occurred.  The failure to cure the default after notice results in the balance becoming due.  The default occurred, notice was given, and the balance is now due and owing.

Defendants argue that plaintiff's acceptance of partial payment waives his right to enforce the Settlement Agreement and demand payment in full.  Defendants are mistaken.  The Court finds that by accepting partial payment as contemplated by the Settlement Agreement[2] the plaintiff has not waived the default and his right to enter the confession of judgment.

Therefore, plaintiff is entitled to judgment in the principal amount of $474,000.00[3] plus interest at 12% per annum from March 26, 2005 until the date of this Order.  Plaintiff is also entitled to his attorneys' fees and costs associated with obtaining this judgment against the Miller defendants.[4]  Plaintiff is entitled to post judgment interest at 3.59% pursuant to 28 U.S.C. § 1961.  Plaintiff shall prepare a proposed judgment reflecting this Order.

**IT IS SO ORDERED.**

---

[1] Jerry Miller, Jane Doe Miller, ER Urgent Care Group, Inc., ER Urgent Care Company, Inc. and ER Urgent Care Center, Inc.

[2] The agreement provides "the entire unpaid principal balance, minus any payments already made pursuant to this agreement, . . ."  Ebel Affidavit, Dkt. #204 Exh. A.  See also, Ebel Declaration, Dkt. #209, Exh. D.

[3] This amount reflects the original settlement of $564,000.00 less the $90,000.00 previously paid to plaintiff.

[4] Plaintiff's counsel ahsll submit a detailed affidavit in support of his attorneys' fees request.

1   The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing
2   pro se.

3   Dated this 21st day of July, 2005.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE